ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiff
CORY MOORE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY MOORE, | Case No: 2:17-CV-07744 |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| CARS RECOVERY, INC., | |
| Defendant. | |

Plaintiff Kevin Nguyen hereby complains against defendants CARS Recovery, Inc. ("CARS") and alleges on information and belief as follows:

**OPERATIVE FACTS**

1.      On or about June 3, 2016, plaintiff leased an automobile on credit from a California dealership. The transaction was financed by a lender, BMW Financial Services.  BMW Financial Services took a security interest in the vehicle, which was collateral for the obligations under the lease. BMW Financial Services, either directly or through a third party repossession forwarder, hired defendant CARS Recovery, Inc. to conduct a repossession of plaintiff's vehicle.

2.      On or about June 23, 2017, defendant CARS arrived at plaintiff's home to repossess his vehicle, in the wee hours of the morning.  Plaintiff's parking area at his private apartment complex has an underground garage with a motorized gate.  The motorized gate opens only for residents, who must use a remote-control "clicker" in order to enter or exit. When the gate shuts, it is locked into place and cannot be opened except by those in possession of a remote.  Defendant CARS had no such remote.  In order to repossess plaintiff's vehicle, CARS unlawfully entered the secured area, without the owner's permission. Accordingly, defendant CARS breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 10525(c) and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

3.      Upon illegally entering the secured garage, CARS' two repossession men, dressed in black, entered inside plaintiff's apartment building, went up to plaintiff's floor, and rang plaintiff's door bell six or seven times repeatedly.  Their entry into a private building without consent was prohibited by Bus. & Prof. Code § 7508.2(d), and therefore was also a breach of the peace.

**JURISDICTION AND VENUE**

4.      The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law

1

1  claims pursuant to 28 U.S.C. § 1367.

2      5.    Venue is proper in the Central District of California because a

3  substantial part of the events or omissions giving rise to the claim occurred in this

4  district, and defendants are subject to the court's personal jurisdiction in this

5  district.

## PARTIES

6

7      6.    Plaintiff is a natural person over the age of 18 years and is a resident of

8  the state of California, county of Los Angeles.

9      7.    Defendant CARS Recovery, Inc. is a California corporation with its

10  headquarters in Arcadia, California.

11      8.    Except as specifically noted herein, each defendant was the agent or

12  employee of each of the other defendants and was acting within the course and

13  scope of such agency or employment.  The defendants are jointly and severally

14  liable to plaintiff.

## FIRST CAUSE OF ACTION
### (Against Defendant CARS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).

15

16

17      9.    Plaintiff realleges and incorporates herein by reference the allegations

18  of all paragraphs above.

19      10.   Plaintiff is a "consumer" who allegedly owed a "debt", and defendants

20  are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants

21  use instrumentalities of interstate commerce or the mails in a business the principal

22  purpose of which is the enforcement of security interests.

23      11.   Defendant CARS violated 15 U.S.C. § 1692f(6) by taking nonjudicial

24  action to effect dispossession or disablement of property when (1) there was no

25  present right to possession of the property claimed as collateral through an

26  enforceable security interest; and/or (2) the property was exempt by law from such

27  dispossession or disablement.

28      12.   Plaintiff is entitled to any actual damages sustained by him as a result

2

1   of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. §

2   1692k.

3        13.    Plaintiff is entitled to $1,000 in statutory damages against each

4   defendant pursuant to 15 U.S.C. § 1692k.  Defendant CARS committed its

5   violations willfully and knowingly, and has frequently and persistently failed to

6   comply with the FDCPA.  The nature of defendant's violations justifies the

7   maximum statutory damages award available.

8        14.    Plaintiff is entitled to the costs of the action, together with a reasonable

9   attorneys fee, pursuant to 15 U.S.C. § 1692k.

10       WHEREFORE, plaintiff prays for relief as set forth below.

11
12                    **PRAYER FOR RELIEF**

13       WHEREFORE, plaintiff prays for the following relief:

14       1.  For actual damages,

15       2.  For statutory damages;

16       3.  For pre-judgment interest to the extent permitted by law;

17       4.  For an award of attorneys' fees, costs and expenses incurred in the

18  investigation, filing and prosecution of this action; and

19       5.  For such other and further relief as the Court may deem just and proper.

20

21

22

23

24

25

26

27

28

COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  October 23, 2017           Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:        /s/
        Alexander B. Trueblood

Attorneys for Plaintiff
CORY MOORE

4

COMPLAINT