Mark E. Lowary, Esq. (SBN: 168994)
Brian T. Gravdal, Esq. (SBN: 239393)
BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP
3890 Tenth Street
Riverside, California 92501
Telephone: (951) 682-8300
Facsimile: (951) 682-8331

Attorneys for Defendant
CARS RECOVERY, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY MOORE,<br><br>    Plaintiff,<br>vs.<br><br>CARS RECOVERY, INC.<br><br>    Defendants. | CASE NO: 2:17-CV-07744-JFW (JEMx)<br><br>[Assigned to Hon. John F. Walter]<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: October 24, 2017 |

COMES NOW Defendant CARS RECOVERY, INC. ("Defendant"), in answer to the Complaint ("COMPLAINT") of CORY MOORE ("Plaintiff"), on file herein, for itself alone, and hereby alleges as follows:

**OPERATIVE FACTS**

1. The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's COMPLAINT, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

2. The Defendant denies that it "unlawfully entered the secured area, without the owner's permission." The Defendant denies that it "breached the peace in conducting the repossession of plaintiff's vehicle in violation" of the cited statutes. With respect to the remaining allegations in such paragraph, the Defendant denies information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

3. The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's COMPLAINT, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

## JURISDICTION AND VENUE

4. The Defendant admits the allegations contained in paragraph 4 of Plaintiff's COMPLAINT, except there are no state law claims asserted for purposes of supplemental jurisdiction.

5. The Defendant admits the allegations contained in paragraph 5 of Plaintiff's COMPLAINT.

## PARTIES

6. The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiff's COMPLAINT, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

7. The Defendant admits the allegations contained in paragraph 7 of Plaintiff's COMPLAINT.

8. The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's COMPLAINT, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

## FIRST CAUSE OF ACTION

9. The Defendant incorporates its answer to paragraphs 1 through 8 to the extent Plaintiff realleges and incorporates the allegations of such paragraphs in paragraph 9 of Plaintiff's COMPLAINT.

10. The Defendant denies information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's COMPLAINT, and therefore, the Defendant denies such allegations and puts the Plaintiff to his proof at trial.

11. The Defendant denies the allegations contained in paragraph 11 of

1 | Plaintiff's COMPLAINT.

2 | 12. The Defendant denies the allegations contained in paragraph 12 of Plaintiff's COMPLAINT.

4 | 13. The Defendant denies the allegations contained in paragraph 13 of Plaintiff's COMPLAINT.

6 | 14. The Defendant denies the allegations contained in paragraph 14 of Plaintiff's COMPLAINT.

### FIRST AFFIRMATIVE DEFENSE

15. The COMPLAINT and each purported cause of action therein, fails to state a claim upon which relief may be granted. Fed. R. Civ. Proc. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

16. The Plaintiff is estopped by his own conduct from asserting the allegations in the COMPLAINT.

### THIRD AFFIRMATIVE DEFENSE

17. The Plaintiff's claims herein are barred by the applicable statute(s) of limitations.

### FOURTH AFFIRMATIVE DEFENSE

18. Defendant is informed and believes and thereon alleges that the Plaintiff or his representatives, agents or employees authorized, consented to or ratified all actions by Defendant which allegedly caused or contributed to the Plaintiff's damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

19. Defendant is informed and believes and thereon alleges that the COMPLAINT, and each and every purported cause of action, is unenforceable in that the Plaintiff has voluntarily and knowingly waived and released each and all of his rights and causes of action against this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

20. Defendant is informed and believes and thereon alleges that any purported damages allegedly caused by Defendant are subject to a setoff either partially or in the

full amount of the Plaintiff's purported damages. This affirmative defense is alleged in the hypothetical and is not intended to admit that Plaintiff has suffered any damages.

### SEVENTH AFFIRMATIVE DEFENSE

21. Defendant is informed and believes and thereon alleges that the COMPLAINT herein, and each and every purported cause of action, is barred by reasons of acts, omissions, representations and courses of conduct of the Plaintiff which Defendant was led to rely on to their detriment thereby barring, under the doctrine of equitable estoppel, any causes of action asserted by the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

22. At all times herein mentioned, Plaintiff knew the risks of injury and damages involved in their actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risks; that by this reason, Plaintiff is barred form recovery herein.

### NINTH AFFIRMATIVE DEFENSE

23. Plaintiff was engaged in conduct that constitutes a waiver of his rights under the contract (lease agreement) alleged in the COMPLAINT. By reason of said waiver, Defendant is not liable to the Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

24. Plaintiff has suffered no damages as a result of any act or omission of the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

25. The Defendant is not a "debt collector" for purposes of the Fair Debt Collection Practices Act (15 U.S.C. §§1692 *et seq.*).

### TWELFTH AFFIRMATIVE DEFENSE

26. The Defendant was, at all times, lawfully upon the premises where the repossession occurred.

### THIRTEENTH AFFIRMATIVE DEFENSE

27. Pursuant to the lease agreement between Plaintiff and BMW, as alleged in

the COMPLAINT, Plaintiff's claims in the COMPLAINT are barred by hold harmless provisions in the subject agreement and Plaintiff's permission for Defendant to enter the premises based upon a security interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

28. The Defendant reserves the right to amend this Answer and assert additional affirmative defenses should grounds arise during discovery.

**WHEREFORE**, having fully answered, this answering Defendant prays:

1. That Plaintiff take nothing by virtue of his COMPLAINT;
2. That judgment be entered in favor of this answering Defendant, and against Plaintiff;
3. That this answering Defendant be awarded its costs of suit and attorneys' fees incurred herein; and
4. For such other and further relief as the Court deems proper.

DATED: November 9, 2017

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

By: _____
MARK E. LOWARY, ESQ.
BRIAN T. GRAVDAL, ESQ.
Attorneys for Defendant,
CARS RECOVERY, INC.

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Mark E. Lowary, Esq. (SBN:168994)
Brian T. Gravdal, Esq.(SBN:239393)
Berman Berman Berman Schneider & Lowary, LLP
3890 Tenth St., Riverside, CA 92501

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CORY MOORE | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | 2:17-CV-07744-JFW (JEMx) |
| v. | |
| CARS RECOVERY, INC., and DOES 1 through 10, Inclusive | PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE |
| DEFENDANT(S). | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Riverside_____, State of California, and not a party to the above-entitled cause. On November 9, _____, 20 17_____, I served a true copy of Answer to Complaint_____
by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: 3890 Tenth St., Riverside, CA 92501
Executed on November 9_____, 20 17_____ at Riverside_____, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☒ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
*Signature of Person Making Service*

### ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____          _____
*Signature*                                                    *Party Served*

CV-40 (01/00)    PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE

**Service List**

*Cory Moore v. Cars Recovery, Inc.*
USDC – Central District of California
Case No:2:17-CV-07744-JFW (JEMx)

Alexander B. Trueblood, Esq.
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Ste. 1600
Los Angeles, California 90024
alec@hush.com
Telephone: (310) 443-4139
Facsimile: (310) 943-2255
**Attorneys for Plaintiff
CORY MOORE**

F:\DATA\R1181.02\SERVICE LIST - POS.DOC

1

Service List